**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 108729

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**

| | |
|---|---|
| EDWARD KENT,<br><br>Plaintiff,<br><br>vs.<br><br>COMMERCIAL RECOVERY SYSTEMS, INC.,<br><br>Defendant. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

EDWARD KENT (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Commercial Recovery Systems, Inc. (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

### JURISDICTION AND VENUE.

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. This Court has personal jurisdiction over Commercial Recovery Systems, Inc. because Commercial Recovery Systems, Inc. maintains its principal place of business in Texas

4. Venue is proper under 28 U.S.C. §1391(a)(2) because Commercial Recovery

1

Systems, Inc. does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

5. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## PARTIES

6. Plaintiff is an individual who is a citizen of the State of New York and resides in this Judicial District.

7. Plaintiff, a "consumer" as defined by 15 U.S.C. § 1692a(3), is allegedly obligated to pay a debt.

8. On information and belief, Defendant's principal place of business is located in PLANO, Texas.

9. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11. Plaintiff's alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the debt, but before the initiation of this action, Plaintiff is alleged to have fallen behind on payments allegedly owed on the alleged debt.

13. At a time known only to Defendant, Plaintiff's alleged debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the alleged debt, Defendant contacted Plaintiff by written correspondence annexed hereto as "Exhibit 1."

15. Defendant's written correspondence to Plaintiff is a "communication" as defined by 15 U.S.C. § 1692a(2).

16. As set forth in the following Counts, Defendant's communication violated the

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

FDCPA.

## FIRST COUNT
### Violation of 15 U.S.C. § 1692f
### Unfair Practices

17. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

18. 15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

19. 15 U.S.C. § 1692f(8) limits the language and symbols that a debt collector may place on envelopes it sends to consumers.

20. § 1692f(8) applies to language visible through a transparent window of an envelope. (*see Douglass v. Convergent Outsourcing*, 765 F.3d 299 [3rd Cir 2014].)

21. § 1692f(8) prohibits the debt collector's disclosure of the debtor's account number on the envelope.

22. Defendant's collection letter sets forth an account number of 4774142.

23. Defendant disclosed this account number in its mailing to Plaintiff.

24. Defendant has violated § 1692f by disclosing Plaintiff's account number in its mailing to Plaintiff.

## SECOND COUNT
### Violation of 15 U.S.C. § 1692g
### Validation of Debts

25. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

26. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

27. One such requirement is that the debt collector provides "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

28. A debt collector has the obligation, not just to convey "the name of the creditor to whom the debt is owed," but also to convey such clearly.

29. Even if a debt collector conveys the required information, the collector

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

3

nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

30. When determining whether "the name of the creditor to whom the debt is owed," has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" or "unsophisticated consumer" would interpret the notice, is applied.

31. Here, Defendant's letter fails to set forth "the name of the creditor to whom the debt is owed."

32. While Defendant's letter sets forth "Re: Chase Bank Usa, N.A.," there is no indication that such entity is "the name of the creditor to whom the debt is owed."

33. While Defendant's letter sets forth "Re: Chase Bank Usa, N.A.," the account number provided by Defendant, 4774142, is not a Chase Bank USA, N.A. account number.

34. Defendant's letter sets forth, "Client #: Rsi2012."

35. While Defendant's letter sets forth "Client #: Rsi2012," there is no indication that "Rsi2012" is the creditor to whom the debt is owed.

36. Plaintiff does not have an account number 4774142 with Chase Bank Usa, N.A.

37. Plaintiff does not have an account number 4774142 with "Rsi2012."

38. Defendant's letter is confusing.

39. Defendant's letter is confusing to the "least sophisticated consumer" or "unsophisticated consumer."

40. Defendant's letter fails to clearly set forth "the name of the creditor to whom the debt is owed."

41. As such, Defendant has violated 15 U.S.C. § 1692g(a)(2).

### THIRD COUNT
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations as to the Name of the
### Creditor to Whom the Debt is Owed

42. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

43. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

44. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

4

45.     Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

46.     The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer" or "unsophisticated consumer."

47.     For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the "least sophisticated consumer" or "unsophisticated consumer."

48.     Here, because the collection letter in the instant case was reasonably susceptible to an inaccurate reading, as described above, it is deceptive within the meaning of the FDCPA.

49.     The "least sophisticated consumer" or "unsophisticated consumer" would likely be deceived by Defendant's conduct.

50.     The "least sophisticated consumer" or "unsophisticated consumer" would likely be deceived in a material way by Defendant's conduct.

51.     Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

### FOURTH COUNT
### Violation of 15 U.S.C. § 1692g
### Validation of Debts

52.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

53.     A debt collector has the obligation, not just to convey the information required by 15 U.S.C. § 1692g, but also to convey such clearly.

54.     Even if a debt collector conveys the required information accurately, the collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication, or by other collection activities during the 30-day validation period following the communication.

55.     A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" or "unsophisticated consumer" uncertain or confused as to her rights.

56.     Here, Defendant's letter states, "Urgent Communication" at the top of the letter.

57.     Defendant's letter states, "Urgent Communication" at the top of the letter in a bright yellow box.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

58. Defendant's letter states, "Urgent Communication" in a font size much bigger than the rest of the letter.

59. Defendant's letter states, "I suggest that you consult with your attorney about what the laws in your state will allow our client to do to recover the monies owed to it and the further consequences of nonpayment."

60. Defendant's letter suggests that Plaintiff needs an attorney.

61. Defendant's letter suggests that legal action against Plaintiff is imminent.

62. The letter contains no transitional language explaining that the threats in the letter do not override Plaintiff's right to dispute the alleged debt or seek validation of the alleged debt.

63. The threats in the letter contradict Plaintiff's right to dispute the debt or demand verification of the debt.

64. The threats in the letter overshadow Plaintiff's right to dispute the debt or demand verification of the debt.

65. The threats in the letter would make the "least sophisticated consumer" or "unsophisticated consumer" uncertain or confused as to her rights.

66. As such, Defendant has violated § 1692g.

### FIFTH COUNT
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations

67. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

68. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

69. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

70. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

71. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer" or "unsophisticated consumer."

72. The "least sophisticated consumer" or "unsophisticated consumer" would likely be deceived by Defendant's conduct.

73. The "least sophisticated consumer" or "unsophisticated consumer" would likely

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

be deceived in a material way by Defendant's conduct.

74. Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## JURY DEMAND

75. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Statutory damages against Defendant pursuant to 15 U.S.C. § 1692k of $1,000.00; and

b. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

c. Plaintiff's costs; together with

d. Such other relief that the Court determines is just and proper.

DATED: April 23, 2015

**BARSHAY SANDERS, PLLC**

By: /s/ Craig B. Sanders
Craig B. Sanders [Bar. No. CS4163]
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 108729

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530